1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10

11                                          ) **Case No.: CV 19-06840-CJC(MRWx)**
                                            )
12  **BRIAN HENDRICKS and ANDREW**          )
    **SAGALONGOS, individually, and on**    )
13  **behalf of all others similarly situated,** )
                                            )
14                                          ) **ORDER GRANTING DEFENDANT'S**
                                            ) **MOTION TO DISMISS [Dkt. 17] AND**
15              **Plaintiffs,**             ) **GRANTING DEFENDANT'S**
                                            ) **APPLICATIONS TO FILE UNDER**
16         **v.**                           ) **SEAL [Dkts. 15, 26]**
                                            )
17                                          )
    **AETNA LIFE INSURANCE**                )
18  **COMPANY,**                            )
                                            )
19                                          )
                                            )
20              **Defendant.**              )
                                            )
21                                          )

22

23  **I.  INTRODUCTION**

24

25          Plaintiffs Brian Hendricks and Andrew Sagalongos bring this putative class action

26  against Defendant Aetna Life Insurance Company ("Aetna") under the Employee

27

28

1  Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*  Before

2  the Court is Aetna's motion to dismiss for failure to state a claim.  (Dkt. 17 [hereinafter

3  "Mot."].)  For the foregoing reasons, Aetna's motion to dismiss is **GRANTED**.[1]

4

5  **II.  BACKGROUND**

6

7        The Complaint alleges the following facts.  (Dkt. 1 [hereinafter "Compl."].)  Aetna

8  administers employer-sponsored health care plans for companies across the country.  (*Id.*

9  ¶ 7.)   Plaintiffs are covered under employer-sponsored Aetna healthcare plans regulated

10  by ERISA.  (*Id.* ¶¶ 1, 6.)  Plaintiffs suffer from degenerative disc disease in their lumbar

11  spines (lumbosacral degenerative disc disease), which causes pain and immobility.  (*Id.*

12  ¶¶ 17, 23.)[2]  Based on their conditions and medical histories, Plaintiffs' surgeons

13  recommended lumbar artificial disc replacement surgery ("L-ADR").  (*Id.* ¶¶ 18, 24.)

14  Plaintiffs elected to proceed with this procedure and requested approval from Aetna.  (*Id.*

15  ¶¶ 18–19, 24–25.)  L-ADR involves replacing a diseased lumbar disc with an artificial

16  disc.  (*Id.* ¶ 9.)  The FDA has approved artificial discs used in this procedure, and various

17  peer-reviewed clinical studies have shown that L-ADR can be safe and effective.  (*Id.*

18  ¶¶ 11–12.)  Other major health insurance providers—including Anthem, United

19  HealthCare, Humana, Cigna—all cover the procedure.  (*Id.* ¶ 12.)  Nevertheless, Aetna

20  denied Plaintiffs' requests for L-ADR. (*Id.* ¶¶ 20, 26.)

21

22        Aetna denied these requests based on its determination that L-ADR is

23  "experimental and investigational" pursuant to its Clinical Policy Bulletin 0591 ("CPB

24  0591").  (*Id.* ¶¶ 20, 26.)  Aetna's Clinical Policy Bulletins ("CPBs") are internal policy

25  _____

26  [1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set

27  for November 18, 2019, at 1:30 p.m. is hereby vacated and off calendar.

28  [2] Because Plaintiffs discuss their medical conditions and medical history in their unredacted and unsealed opposition, the Court does the same—with the same level of detail—in this order.  (*See* Dkt. 22.)

directives setting out Aetna's coverage positions for specific treatments.  (*Id.* ¶ 14.)  CPB 0591 states that L-ADR is "experimental and investigational" because it has not been proven to be effective for lumbosacral degenerative disc disease.  (*Id.* ¶¶ 20, 26.)  Plaintiffs and their physicians appealed this decision through Aetna's claim review process.  (*Id.* ¶¶ 21, 27.)  Both appeals were denied pursuant to CPB 0591.  (*Id.*)  Plaintiff Hendricks ultimately paid for the procedure out of his own pocket.  (*Id.* ¶ 22.)

Based on these allegations, Plaintiffs bring two ERISA causes of action against Aetna on behalf of themselves and others similarly situated.  (*Id.* ¶¶ 28, 40–50.)[3]  They assert claims for (1) improper denial of benefits, 29 U.S.C. § 1132(a)(1)(B), and (2) breach of fiduciary duty, 29 U.S.C. § 1132(a)(3).  (*Id.* ¶¶ 40–50.)  Plaintiffs seek a clarification of rights, declaratory relief, injunctive relief, an accounting of profits, disgorgement, attorneys' fees, and costs.  (*See id.* at 8–9.)

## III.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  The district court may also consider additional facts in

---

[3] Specifically, Plaintiffs' proposed class includes all others covered under ERISA-eligible Aetna Plans who have had requests for L-ADR denied during the statutory period.  (Compl. ¶ 28.)

materials of which the district court may take judicial notice, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994), as well as "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994*), overruled in part on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations and quotes omitted)).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**IV.  DISCUSSION**

   **A.    Administrative Exhaustion**

Aetna first argues that the Complaint must be dismissed because Plaintiffs failed to fully exhaust Aetna's claim appeals process.  With some exceptions, an ERISA plaintiff claiming improperly denied benefits "must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court." *Diaz v. United Agric. Employee Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995).  The parties

1   agree that Plaintiffs properly filed a first-level appeal of their L-ADR denials, but Aetna

2   claims that Plaintiffs failed to file a mandatory second-level appeal.  (*See* Mot. at 10–15.)

3   Notably, Aetna does not argue that Plaintiffs failed to properly *plead* administrative

4   exhaustion but instead argues that Plaintiffs *in fact* did not exhaust their administrative

5   remedies.  (*See id.*)  In support, Aetna has filed copies of various documents, including

6   Summary Plan Descriptions ("SPD") that allegedly describe the terms of Plaintiffs'

7   healthcare plans, Plaintiffs' L-ADR requests and appeals, and Aetna's denial letters.  (*See*

8   Dkt. 17-1.)  Plaintiffs object to Aetna's introduction of this evidence at this stage.

9   (Dkt. 23.)  Plaintiffs also dispute that the SPDs set out the terms of their plans and that

10   their plans required a second-level appeal.  (*See* Dkt. 22 [Plaintiff's Opposition to

11   Aetna's Mot. to Dismiss, hereinafter "Opp."] at 6–9.)[4]

12

13      The Court declines to resolve these factual disputes on a Rule 12(b)(6) motion.  In

14   ERISA cases, administrative exhaustion is not a statutory pleading requirement, but a

15   court-created affirmative defense.  *See Methodist Hosp. of S. Cal. v. Blue Cross of Cal.*,

16   2011 WL 13186107, at *5 (C.D. Cal. Mar. 8, 2011).  Accordingly, other courts in this

17   District have found that an ERISA plaintiff need not plead exhaustion.  *See id.* at *5–6.

18   Regardless, Plaintiffs here *have* alleged that they appealed Aetna's denials, and Aetna

19   does not challenge the sufficiency of the Complaint.  (*See* Compl. ¶¶ 21, 27; *see*

20   *generally* Mot.)  Instead, Aetna asks the Court to dismiss Plaintiffs' claims based on its

21   interpretation of its preferred evidence.  The Court is unconvinced.  In a Rule 12(b)(6)

22

23

---

[4] Aetna's reply brief quotes—for the first time—language from "Plan Documents" that purportedly set
out the terms of Plaintiffs' respective healthcare plans.  (*See* Dkt. 24 at 10–11.)  Aetna filed copies of the
Plan Documents, which are distinct from the SPDs, concurrently with its reply.  (*See* Dkt. 24-1.)  Aetna
claims that the quoted provisions in the Plan Documents incorporate the SPDs by reference.  (*See* Dkt.
24 at 10–11.)  Plaintiffs did not have an opportunity to address these provisions in their opposition to the
instant motion.  Because Aetna filed these documents concurrently with its reply, the Court does not
address them here.  *See TeleSign Corp. v. Twilio, Inc.*, 2015 WL 12662344, at *1 (C.D. Cal. Oct. 9,
2015) ("[A] court does not need to consider facts or arguments raised for the first time in a reply brief.");
*see also Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir. 1996) (district courts should not consider new
evidence presented in a reply if the non-movant has not had an opportunity to respond).

1    motion, a court may consider "documents whose contents are alleged in a complaint and

2    whose authenticity no party questions." *Branch*, 14 F.3d at 454.  However, the

3    Complaint nowhere references the SPDs, and Plaintiffs argue that neither the SPDs nor

4    the denial letters set out the relevant terms of their healthcare plans.  (*See* Opp. at 6–9;

5    *see generally* Compl.)  The Court therefore declines to rely on these documents to resolve

6    a factual dispute at this stage of the proceedings.

7

8         In an ERISA case, the exhaustion requirement depends on a plaintiff's healthcare

9    plan, and "a claimant need not exhaust when the plan does not require it."  *Spinedex*

10   *Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282, 1299

11   (9th Cir. 2014).  Accepting the allegations in the Complaint as true and construing them

12   in the light most favorable to Plaintiffs, the Court rejects Aetna's argument that the

13   Complaint must be dismissed based on Plaintiffs' alleged failure to exhaust

14   administrative remedies.

15

16        **B.       Failure to Allege a Specific Violation of Plaintiffs' Plans**

17

18        Aetna next argues that the Complaint must be dismissed because Plaintiffs failed to

19   identify the "specific plan terms that Aetna allegedly violated by denying Plaintiffs'

20   claims." (Mot. at 16.)  Based on this lack of detail, Aetna argues that Plaintiffs have

21   failed to state a plausible claim for relief. (*Id.* at 16–17 (citing *Twombly*, 550 U.S. at

22   570).)  The Court agrees.  An ERISA claim fails if the plaintiff is not entitled to the

23   benefits she seeks under the terms of the applicable plan.  *Korman v. ILWU-PMA Claims*

24   *Office*, 2019 WL 1324021, at *12 (C.D. Cal. Mar. 19, 2019); *see also Aetna Health Inc.*

25   *v. Davila*, 542 U.S. 200, 210 (2004) (ERISA plaintiff can bring suit if "benefits promised

26   . . . under the terms of the plan are not provided").  Therefore, "[a]s a general principle, a

27   plaintiff bringing a lawsuit seeking benefits under an ERISA plan must identify a specific

28   plan term that confers the benefit in question."  *Korman v. ILWU-PMA Claims Office*,

2019 WL 1324021, at *12 (C.D. Cal. Mar. 19, 2019) (quotations omitted).  In one frequently cited case, a court in this District dismissed an ERISA claim because plaintiffs failed to specify (1) the terms of the plan that allegedly covered the procedures at issue and (2) the plan's reimbursement rate.  *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1155 (C.D. Cal. 2015).  Although a plaintiff need not quote or attach ERISA plan documents, he or she must "sufficiently identify specific plan terms" to state a claim.  *See In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 865 F. Supp. 2d 1002, 1040 (C.D. Cal. 2011).

Plaintiffs fail to carry this burden.  The Complaint does not allege the terms of their plans that entitled them to coverage for L-ADR.  Plaintiffs also fail to specify the type of coverage that they were allegedly denied.  Instead, Plaintiffs allege generally they were covered under Aetna "employee welfare benefit plans . . . that provide medical, surgical, and other services."  (Compl. ¶ 6).  This is insufficient to support their claim that the procedures were improperly denied.  The Court therefore finds that Plaintiffs have failed to state a plausible claim for improperly denied benefits under 29 U.S.C. § 1132(a)(1)(B).  Because Plaintiffs' breach of fiduciary duty claim also depends on their entitlement to L-ADR, Plaintiffs have similarly failed to state a plausible claim under 29 U.S.C. § 1132(a)(2).  Accordingly, Aetna's motion to dismiss is **GRANTED**.  Because the Court finds that Plaintiffs may be able to cure these deficiencies, the Complaint is **DISMISSED WITH FOURTEEN DAYS LEAVE TO AMEND**.

### C.      Applications to File Under Seal (Dkts. 15, 26)

Aetna seeks to file under seal portions of its motion to dismiss, its reply, and all or portions of declarations and exhibits submitted in support.  (Dkts. 15, 26.)  It seeks to seal all correspondence between the parties related to Plaintiffs' medical conditions and treatment.  (*Id.*)  Plaintiffs have not opposed Aetna's application.  A party seeking to file

1  documents under seal "bears the burden of overcoming [the] strong presumption" in

2  favor of public access to court records.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809

3  F.3d 1092, 1096 (9th Cir. 2016) (quotation omitted).  "The presumption of access is

4  'based on the need for federal courts, although independent—indeed, particularly because

5  they are independent—to have a measure of accountability and for the public to have

6  confidence in the administration of justice.'"  *Id.* (quotation omitted).  "Unless a

7  particular court record is one traditionally kept secret, a strong presumption in favor of

8  access is the starting point."  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178

9  (9th Cir. 2006).  "'[C]ompelling reasons' must be shown to seal judicial records attached

10  to a dispositive motion," like the instant motion to dismiss.  *Id*. at 1179.

11

12      Aetna seeks to file redacted and sealed versions of these documents to protect

13  Plaintiffs' personal health information as required by the Health Insurance Portability and

14  Accountability Act (HIPAA).  There are compelling reasons to file this information under

15  seal.  The public has a minimal interest in Plaintiffs' medical records, which are typically

16  private and confidential.  *See* 45 C.F.R. 160–164 (HIPAA privacy regulations).

17  Moreover, disclosure could lead to a serious invasion of Plaintiffs' privacy.  *See Icon-IP*

18  *Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *6 (N.D. Cal. Mar.

19  4, 2015).  Finally, Aetna's application is narrowly tailored to seal or redact only

20  information related to Plaintiffs' personal health information.  *See id.*  Accordingly,

21  Aetna's applications for leave to file under seal all or portions of these documents and

22  exhibits are **GRANTED**.  (Dkts. 15, 26.)  Aetna may file under seal unredacted versions

23  of (1) its motion to dismiss (Dkt. 17), (2) the declaration of Joann Conejo (Dkt. 17-1),

24  (3) Exhibits B, C, D, F, and G to the declaration of Joann Conejo (Dkt. 17-1 Exs. B, C, D,

25  F, G),[5] and (4) its reply in support of the motion to dismiss (Dkt. 24.).

26

27  _____

28  [5] Aetna's Application to File under seal incorrectly cites each of these exhibits as "Exhibit B."  (Dkt. 15 at 1.)  The Court has determined the proper exhibits based on their description and the unredacted exhibits attached to Aetna's Application.  (*See id.*)

**V.  CONCLUSION**

      For the foregoing reasons, Aetna's motion to dismiss is **GRANTED**.  The Complaint is **DISMISSED WITH FOURTEEN DAYS LEAVE TO AMEND**. Aetna's applications for leave to file under seal are **GRANTED**.

      DATED:    November 7, 2019

                                      CORMAC J. CARNEY

                            UNITED STATES DISTRICT JUDGE